UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

REBECCA CAPEZZUTO,                      Case No. 07-42092
                                                   Chapter 7
                                                   Hon. Marci B. McIvor
                Debtor.
_____/

## **OPINION REGARDING ATTORNEY FEES AND EXPENSES**

The U.S. Trustee filed a Motion seeking an Order Requiring Debtor's Attorney to Return Payment to Debtor, alleging that the $2,500 fee charged in this case was excessive. The Debtor's counsel argued that his fee was reasonable. For the reasons stated below, this Court finds that Debtor's counsel is entitled to a reasonable fee of $1,800. All fees collected above that amount must be returned to the Debtor.

## FACTUAL BACKGROUND

On February 2, 2007 the Debtor filed her chapter 7 case. The first Statement filed pursuant to Fed. R. Bankr. P. 2016(b) states that Debtor paid Robert L. Robinson, Jr. $2,500 to file this case. It appears from this Statement, that the $299 filing fee was not included. That statement was filed with the Petition on February 2, 2007.

Concerned that the fee was excessive, the United States Trustee contacted Robinson about obtaining justification for the fee. Robinson revealed that he actually only received $713, plus the filing fee of $299, to handle the case and that John J.

Danielski received the balance of the $2,500. Robinson submitted an amended 2016(b) Statement consistent with his assertions and filed it with the Court under the heading "Amended Cover Sheet for Amendments to Schedules and or Statements filed Re: Filed by Debtor Rebecca A. Capezzuto" on March 6, 2007.

On March 16, 2007, Danielski filed an unsigned notice of appearance as co-counsel and a 2016(b) Statement consistent with Robinson's assertions. It is otherwise essentially a duplicate of the Statement submitted by Robinson. Both 2016(b) Statements assert, at line 6.B., that the source of payment was other than the Debtor, but neither identifies the source. Later, it was revealed that Debtor's boyfriend or fiancé was the source of payment.

On April 2, 2007, the U.S. Trustee filed a Motion for an Order Requiring Debtor's Attorney to Return Payment to Debtor. In his Motion, the U.S. Trustee asserts that Debtor's counsel's compensation exceeds the reasonable value of the services rendered pursuant to § 329(b), listing three reasons. First, the Trustee questions the amount billed by Debtor's counsel, asserting that this case is not a complex case because: (a) the Debtor has income below the median; (b) the Debtor lists no real property and few items of personal property; (c) the Debtor included little information on her Statement of Financial Affairs; (d) the Debtor lists fewer than ten creditors; and (e) there are no complicated exemption issues and the Debtor has substantial unused "wild card" exemption. Second, the Trustee argues that the Debtor's counsel's fee is not warranted because it appears that counsel made a number of mistakes, such as: (a) notices of deficiency were issued three times; (b) the Debtor had to amend her

2

schedules to add tax refunds earned prior to the filing of the case; (c) the 2016(b) Statements did not, and still do not, adequately reveal the payment arrangements; (d) the schedules omit required detail, such as terms of the executory contract and almost all data except amount and creditor addresses for debts. Third, the Trustee objects to the $1,488 Debtor has been charged by her counsel, alleging that the $1,500 was either a fee to refer the case to Robinson or a fee to serve as a mentor to Robinson. Under either scenario, $1,488 is an excessive fee. For these reasons, the U.S. Trustee seeks an order directing the return of all funds in excess of the $1,012 (the $713 for legal fees paid to Robinson and the $299 for the filing fee) referenced in Robinson's most recent 2016(b) Statement. In other words, the Trustee seeks $1,488 for turnover to the Debtor.

The Debtor's counsel takes great offense at the U.S. Trustee's Motion. He believes that the U.S. Trustee violated the Civility Principles by attributing bad motive or improper conduct to counsel without good cause. Furthermore, Debtor's counsel alleges that he is a skilled and careful practitioner, citing his successes both in law school and in other bankruptcy cases. Debtor's counsel clearly takes pride in giving each case thorough and careful attention.

In response to the U.S. Trustee's allegations, Debtor's counsel argues that his fee is reasonable in light of the fact that he has spent at least eight hours on this case and Mr. Robinson has spent 5-6 hours on this case.[1] Specifically, Debtor's counsel

---

[1] Debtor's counsel's brief quoted Mr. Robinson as stating, "I spent around five or six hours on it. That included travel time, car rental, and 341 appearance. I ate the cost of obtaining her credit reports."

3

states that he spent the following time on this case:

a. over four (4) hours to write and file the response to the instant motion;

b. several hours to attend the hearing on the instant motion;

c. 2.5 hours holding 2-3 meetings and having telephone calls with the client and reviewing the documents;

d. 1.5 hours discussing the case with Mr. Robinson, copying the file, and mailing the file.

Debtor's counsel also asserts that a fair billing rate is anywhere from $225 to $450 per hour.

Debtor's counsel argues that this case is not "simple" as the U.S. Trustee alleges because each case is unique. Additionally, the Debtor's counsel argues that the mistakes Mr. Robinson made were harmless and due to computer glitches.[2] Debtor's counsel also suggests that the U.S. Trustee's objection to his fees might be in retribution for a pleading filed in an unrelated case, regarding a panel Trustee.

Debtor's counsel also states that he bills a flat fee for his work and that

---

[2]Debtor's counsel Danielski quotes Mr. Robinson as saying:

Those mistakes were harmless. My software did things like file the entire document when the voluntary petition should have been filed separately, and the matrix needed to be filed as a text instead of pdf. My software did not include a cover page for amendments. All of which was fixable. I fixed them right away upon notice of the deficiencies from the court. She let me know that she was expecting tax returns after I filed. I told her to let me know when she got them and that we would amend her schedules. She told me when she got them, and I amended her schedules as agreed.

sometimes he makes a little money on his cases and sometimes he does not. Regardless of the flat fee, counsel argues that his fees are reasonable.

On May 1, 2007, the Court held a hearing on the Trustee's Motion. At that hearing, the Court asked counsel for the Debtor to submit a detailed fee application by May 15, 2007 so that the Court could evaluate the reasonableness of his fees in light of 11 U.S.C. § 330.[3] On May 13, 2007, Debtor's counsel filed a Supplemental Response to Motion for an Order Requiring Debtor's Attorney to Return Payment to Debtor. That pleading did not contain a detailed account of the time spent on this case. Instead, Debtor's counsel requested that he be reimbursed for the time spent defending his fees.

## ANALYSIS AND CONCLUSION

Section 329 provides:

> (a) Any attorney representing a debtor in a case under this title, or in connection with such a case, whether or not such attorney applies for compensation under this title, shall file with the court a statement of the compensation paid or agreed to be paid, if such payment or agreement was made after one year before the date of this filing of the petition, for services rendered or to be rendered in contemplation of or in connection with the case by such attorney, and the source of such compensation.
>
> (b) If such compensation exceeds the reasonable value of any such services, the court may cancel such agreement, or order the return of any such payment, to the extent excessive, to –
>
> > (1) the estate, if the property transferred –
> >
> > > (A) would have been property of the estate; or

---

[3] The Court misstated the relevant Code section at the hearing; 11 U.S.C. § 329 is the controlling Code section.

5

>   > (B) was to be paid by or on behalf of the debtor under a plan under chapter 11, 12, or 13 of this title; or
>
> (2) the entity that made such payment.

11 U.S.C. § 329(b).

Section 329 codifies the need for scrutiny of fees paid to debtor's attorney to safeguard against any abuse of the debtor's situation. *In re Redding*, 247 B.R. 474, 478 (B.A.P. 8th Cir. 2000)(". . .§ 329 is aimed solely at preventing overreaching by a debtor's attorney. . ."). Determination of whether attorney compensation is excessive under § 329 must be made on a case by case basis, after examining the facts and circumstances of the case. *In re Swartout*, 20 B.R. 102, 105 (Bankr. S.D. Ohio 1982).[4] "The test under § 329 measures reasonable value of the services provided by the attorney. To the extent that the fees due or paid are not reasonable in light of the services provided, the court may cancel the fee agreement or order disgorgement." *In re Redding*, 247 B.R. at 478. The requested compensation may be reduced if the court finds that the work done was excessive or of poor quality. *Id.* "[T]he burden of proof in all issues under 11 U.S.C. § 329 is on the attorney." *In re Swartout*, 20 B.R. at 105.

Flat fee arrangements, like the one used by Debtor's counsel, are acceptable to this Court. Approval for flat fee arrangements is found in case law:

---

[4] The test used in § 329 differs from that used under § 330. The *Redding* court explains, "We agree that there is a substantive difference between § 329 and § 330, and hold that § 329 is about disclosure and reasonableness of attorney fees, and governs the fee arrangements between a debtor and the attorney representing the debtor. In contrast, § 330 addresses the estate's liability or obligation to compensate, from estate assets, attorneys or other persons or entities for services provided that benefit the estate." *Redding*, 247 B.R. at 478.

> Flat fees arrangements for routine cases are to be encouraged. They are simple and save time, eliminating the need for attorneys to prepare fee applications, trustees to police the applications and courts to approve them. By saving time and effort, the result should be lower fees for debtors-people who, after all, are seeking bankruptcy relief.

*In re Murray*, 330 B.R. 732, 737 (Bankr. E.D. Wis. 2005). However, even in flat fee cases, the fees must comply with § 329 and be reasonable.

In this case, the Court requested that Debtor's counsel provide it with a detailed record of the time spent and the tasks completed. Instead, Debtor's counsel filed a supplemental pleading: (1) referring this Court to its previously filed Response to the Trustee's Motion which set forth the time spent and the services provided; and (2) requesting payment for fees incurred defending his fees.

Based on the Debtor's Counsel's Response to the Trustee's Motion, this Court finds that Debtor's counsel reasonably spent four hours having meetings, making phone calls, and reviewing documents[5] and Mr. Robinson reasonably spent four hours preparing documents and appearing at the 341 meeting.[6] This Court also finds that, when considering the complexity of this case, the filing difficulties encountered by Mr. Robinson, and an unclear explanation for why two attorneys were needed, a reasonable

---

[5] Responding to the instant motion and attending the hearing on the instant motion is not compensable. See discussion, *supra*.

[6] Debtor's counsel's brief quoted Mr. Robinson as stating, "I spent around five or six hours on it [this case]. That included travel time, car rental, and 341 appearance. I ate the cost of obtaining her credit reports." This Court notes that travel time is not billable at full cost.

7

hourly rate for Debtor's counsel is $225.00.[7]  Therefore, this Court is approving fees in the amount of $225.00 for eight hours, for a total of $1,800.

This Court also notes that the general rule is that attorney time for defending fee applications is not compensable.  *In re Riverside-Linden Investment, Co.*, 945 F.2d 320 (9th Cir. 1991).  The allowance of fees for defending a fee application would encourage the presentation of excessive fees because either the attorneys would be granted those excess fees or the attorneys could recover the costs of unsuccessfully litigating and defending such a request.  *Id.* at 323.  In this case, any fees requested by Debtor's counsel for defending his fee application is not compensable.

## CONCLUSION

For the reasons set forth above, this Court finds that fees in the amount of $1,800.00 are reasonable and appropriate.  Fees over and above that amount must be returned to the Debtor.

**Signed on May 21, 2007**

                                            **/s/ Marci B. McIvor**
                                            **Marci B. McIvor**
                                            **United States Bankruptcy Judge**

---

[7] Hourly rates for consumer bankruptcy attorneys in this district range from $150.00 to $295.00.